UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL ROSS MAGGIO,**

Petitioner,

vs.
CASE NO. 8:09-cv-892-T-27TGW
CRIM. CASE NO. 8:00-cr-427-T-27TGW

**UNITED STATES OF AMERICA,**

Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 10) and the Government's Response (CV Dkt. 17). Upon consideration, Petitioner's motion is DENIED.

**Procedural Background**

Petitioner was charged with one count of conspiracy to possess with intent to distribute more than 50,000 units of a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a) and 846 (CR Dkt. 3). On May 4, 2001, Petitioner pleaded guilty without a plea agreement (CR Dkt. 155). On August 20, 2001, Petitioner was sentenced as a career offender to one hundred fifty-one months imprisonment to be followed by three years of supervised release (CR Dkt. 254). Petitioner appealed his conviction (CR Dkt. 264) but later moved to dismiss the appeal with prejudice. The United States Court of Appeals granted the motion and dismissed Petitioner's appeal on January 11, 2002 (CR Dkt. 311). Petitioner filed no petition for writ of certiorari in the United States Supreme Court

(CV Dkt. 10, p. 2).

The court received Petitioner's original Section 2255 motion on May 14, 2009 (CR Dkt. 351; CV Dkt. 1) and received his amended motion on June 17, 2009 (CV Dkt. 10). The Respondent challenges the timeliness of Petitioner's motion.

Petitioner raises five grounds for relief:

**Ground One:** Petitioner is actually innocent of the career offender enhancement;

**Ground Two:** Trial court failed to find third prior conviction necessary for application of career criminal enhancement;

**Ground Three:** The probation officer violated the Ex Post Facto Clause at sentencing;

**Ground Four:** Section 2255 motion should be considered timely filed; and

**Ground Five:** Trial court erred by overruling Petitioner's objection to a four-level enhancement for his role as an organizer or leader

I. <u>**Timeliness**</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) ( a judgment becomes "final" when the time for filing a petition for writ of certiorari expires).

The Eleventh Circuit dismissed Petitioner's direct appeal on January 9, 2002. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final on April 9, 2002, when the ninety-day period for seeking certiorari review expired. *Clay v. United States*, 537 U.S. at 532; *Kaufmann v. United States*, 282 F.3d at 1339. Petitioner had one year from that date, until April 9, 2003, to timely file a Section 2255 motion. Petitioner did not file his original Section 2255 motion until May 14, 2009, more than six years after the expiration of Section 2255's one-year limitation. Consequently, Petitioner's motion is time-barred, precluding federal review.

## II. *Begay* and *Archer*

Petitioner contends that the decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), render him actually innocent of the career criminal sentencing enhancement. He further contends that the instant petition should be considered timely in light of these two decisions.

*Begay* and *Archer* afford Petitioner no relief because he procedurally defaulted his claim.

3

*United States v. Coley*, 336 Fed. Appx. 933 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2093 (2010), confirms a defendant's preclusion from reliance on *Begay* in a motion to vacate after procedural default:

> Coley has not argued that his sentence violates any constitutional right, but only that it violates the sentencing guidelines after *Begay* and *Archer*. *See Hunter* [*v. United States*], 559 F.3d [1188,] 1189 [11th Cir. 2009] (observing that because a prisoner erroneously sentenced as an armed career criminal had failed to show the denial of a constitutional right, he could not attack his sentence in a § 2255 proceeding). Accordingly, if Coley's claim "could . . . have been raised on direct appeal," then it is not cognizable under § 2255. *See Lynn* [*v. United States*], 365 F.3d [1225,] 1233 [11th Cir. 2004]. . . .
>
> Coley did not raise this issue on direct appeal. In fact, it appears that he filed no direct appeal at all. Nor does Coley offer any reason why he could not have raised this issue on direct appeal. Of course, *Begay* and *Archer* had not been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal - just as Begay and Archer later did. *Cf. Smith v. Murray*, 477 U.S. 527, 534-35, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (holding that perceived futility in raising an issue on direct appeal does not constitute cause for not doing so); *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1988) ("[Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal citation and quotation marks omitted); *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.").
>
> Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*Coley's* reasoning is persuasive.[1] Nothing precluded Petitioner from challenging on direct appeal either the designation of his prior conviction for carrying a concealed firearm as a violent felony or his designation as a career offender. His decision to voluntarily dismiss his direct appeal

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

foreclosed appellate review of these claims. Consequently, his *Begay/Archer* claim is procedurally defaulted. *See United States v. Morton*, 2010 WL 1223893 at *4 (M.D. Fla., March 24, 2010). When a petitioner fails to raise a claim that could and should have been raised at sentencing or on direct appeal, district court review of the claim is barred absent a showing of the procedural default requirements of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614 (1998); *United States v. Frady*, 456 U.S. 152 (1982). To show cause for not raising a claim on direct appeal, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d at 1235, n. 20 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). Petitioner fails to allege a valid cause to excuse his default because he points to no external impediment that prevented him from raising this issue on appeal. *Lynn*, 365 F.3d at 1235, n. 20. Petitioner likewise fails to establish a denial of fundamental fairness. *Wright v. Hopper*, 169 F.3d at 706.

Furthermore, Petitioner presents no evidence demonstrating that he is actually innocent of the crime for which he stands convicted. To establish actual innocence, Petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). *Schlup* observes "that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to

5

support his allegations of constitutional error with new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. If a petitioner demonstrates "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," then the petitioner has made a "gateway" claim of innocence allowing review of the merits of his otherwise barred constitutional claims. *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008).

Petitioner presents no new reliable evidence demonstrating his factual innocence of the federal offense for which he stands convicted. *Schlup v. Delo*, 513 U.S. at 324. Because Petitioner cannot establish an actual innocence claim, he cannot avail himself of this "gateway" to obtain federal review of his procedurally defaulted claim. *Schlup v. Delo*, 513 U.S. at 315.

To the extent that Petitioner argues that he is actually innocent of the career criminal enhancement, he cannot obtain relief. Petitioner argues that his prior conviction for carrying a concealed firearm is no longer considered a violent offense for application of the career criminal sentence enhancement after *Archer*. Petitioner is correct that *Archer* holds that, in light of the decision in *Begay*, carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines. *United States v. Archer*, 531 F.3d at 1352. However, even assuming that *Begay* and *Archer* somehow work to extend the time to allow Petitioner to raise this otherwise untimely claim and assuming, *arguendo*, that those cases apply retroactively,[2] Petitioner cannot obtain relief because, even absent his concealed firearm conviction, he still has at least two prior convictions that qualify as predicate offenses for imposition of the career criminal

---

[2] At present, neither Supreme Court precedent nor Eleventh Circuit precedent holds that *Begay* or *Archer* is retroactively applicable to cases on collateral review.

enhancement.

To be sentenced as a career offender, a district court must find by a preponderance of the evidence that : "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G § 4B1.1(a); *United States v. Young*, 527 F.3d 1274, 1277 (11th Cir. 2008). Petitioner's Presentence Investigation Report ("PSR") establishes that, notwithstanding the concealed weapon conviction he now challenges, Petitioner has at least two prior convictions for either a crime of violence or a controlled substance offense.[3] Thus, even if the 1988 conviction for carrying a concealed firearm that Petitioner argues no longer qualifies as a predicate offense for application of the career offender sentencing enhancement, he nevertheless was correctly sentenced as a career offender and is not entitled to resentencing absent the enhancement in light of *Begay* and *Archer* as he contends.

**Evidentiary hearing**

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.

---

[3] Petitioner was convicted in 1987 of throwing deadly missiles into an occupied vehicle for which he served three years incarceration after revocation of his community control (PSR ¶67). Petitioner was convicted in 2000 in the United States District Court for the Southern District of Florida of one count of possession with intent to distribute MDMA and one count of possession with intent to distribute MDA for which he received a nine-year term of imprisonment (PSR ¶93).

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 10) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 20th day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record